The Honorable Ed Wilkinson State Representative Post Office Box 610 Greenwood, Arkansas 72936
Dear Representative Wilkinson:
This is in response to your request for an opinion on whether a municipal planning commission may restrict the duty or ability of a county recorder to record deeds and other instruments transferring interests in real property located within the planning jurisdiction of the municipality. Your request states that the Greenwood Planning Commission has adopted certain "procedures" for the recordation of instruments affecting title to real property located within its planning jurisdiction, including certain "document recording criteria." A copy of the "procedures" was included with your request and is attached hereto. The "document recording criteria" purport to prohibit the recorder from recording instruments that do not comply with at least one criterion.
In my opinion, the answer to your question is "no." Municipal planning commissions are empowered by statute to promulgate and enforce "regulations controlling the development of land." A.C.A. §14-56-417(a)(1). That statute also contains the following:
 (A) The regulations may govern lot or parcel splits, which is the dividing of an existing lot or parcel into two (2) or more lots or parcels.
 (B) No deed or other instrument of transfer shall be accepted by the county recorder for record unless the deed or other instrument of transfer is to a lot or parcel platted and on file or accompanied with a plat approved by the commission.
A.C.A. § 14-56-417(b)(3).[1]
While A.C.A. § 14-56-417(b)(3)(B) is binding upon recorders and prohibits the recordation of certain instruments, the prohibition arises from statute, not from the rules of the planning commission. Nothing in the statute purports to empower municipal planning commissions to restrict the recorder's statutory duty to accept and record all instruments presented to her (other than those that are the subject of specific statutory prohibitions such as A.C.A. § 14-56-417(b)(3)(B)). See A.C.A. § 14-15-407.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] You have not inquired, and I express no opinion, with respect to the scope and meaning of A.C.A. § 14-56-417(b)(3)(B). I would note, however, that the provision was the second sentence of a paragraph of which A.C.A. § 14-56-417(b)(3)(A) was the first sentence, in both Act 186 of 1957 and Act 134 of 1965. It is at least arguable, therefore, that A.C.A. § 14-56-417(b)(3)(B) was intended to address only instruments affecting title to lot or parcel splits.